**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

JOHN E. CARPENTER, )
)
)
Plaintiff, )
)
v. )
) Case No. 12-2483-CM
)
SOUTHWESTERN BELL TELEPHONE )
COMPANY and JOSEPH ARRI, )
)
Defendants. )
)

**MEMORANDUM AND ORDER**

Plaintiff John E. Carpenter brings this employment discrimination action pro se against his former employer, defendant Southwestern Bell Telephone Company, and one of his former supervisors, defendant Joseph Arri. Discovery in the case is complete, but the case is currently before the court on plaintiff's Motion to Stay Magistrate Judge Waxse's Order (Doc. 41). The order in question is a May 22, 2013 order in which Judge Waxse denied plaintiff's "Request for the Completion of Discovery [Documents]." Plaintiff had asked the court to compel defendants to produce eight categories of documents. Plaintiff now asks the court to (1) stay Judge Waxse's May 22 order; (2) review the order; and (3) order defendants to produce the documents requested.

In considering plaintiff's motion, the court bears in mind plaintiff's pro se status. Because plaintiff proceeds pro se, the court affords him some leniency in reviewing his motion. *See Asselin v. Shawnee Mission Med. Ctr., Inc.*, 894 F. Supp. 1479, 1484 (D. Kan. 1995) (citation omitted). The court may not, however, assume the role of advocate for plaintiff simply because he is not represented by counsel. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court should not "construct

arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (citations omitted).

D. Kan. R. 72.1.4(d) provides that a party may ask a magistrate judge to stay an order pending the district court's review of objections to the order. This rule applies when the party also asks the district court to rule on specific objections to the magistrate judge's order under Fed. R. Civ. P. 72. *See generally* D. Kan. R. 72.1.4. Here, plaintiff essentially merged his requests to stay and review. In addition, plaintiff did not identify what portions of Judge Waxse's decision he wanted this court to review. Plaintiff merely restates the arguments that he originally made in support of his motion to compel—failing to identify specific objections to Judge Waxse's order.

The district court reviews a magistrate judge's order on non-dispositive pretrial matters under a "clearly erroneous or contrary to law" standard of review. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *see also First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000). Under this standard, the court will affirm the magistrate judge's order unless the court "is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)); *see McCormick v. City of Lawrence, Kan.*, 218 F.R.D. 687, 692–93 (D. Kan. 2003).

The court cannot find that Judge Waxse's order is clearly erroneous or contrary to law. Judge Waxse explained that defendants had either previously produced the documents, or production was not warranted. He further explained that some documents were not relevant and others were never properly requested. Plaintiff has given the court no reason to find these rulings are clearly erroneous. Mere disagreement with a decision is insufficient to justify Rule 72(a) relief. *Claytor v. Computer Assocs. Int'l, Inc.*, 211 F.R.D. 665, 667 (D. Kan. 2003). Moreover, plaintiff has not identified any law that Judge Waxse misapplied.

Because defendant has not identified specific objections to Judge Waxse's order, and because the order is not clearly erroneous or contrary to law, the court must overrule plaintiff's request for review. The request for a stay is also denied as moot.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Stay Magistrate Judge Waxse's Order (Doc. 41) is denied.

Dated this 6th day of August, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**