IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN E. CARPENTER, | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) Case No. 12-2483-CM |
| SOUTHWESTERN BELL TELEPHONE COMPANY and JOSEPH ARRI, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff John E. Carpenter brings hostile work environment claims against his former employer, Southwestern Bell Telephone Company ("Southwestern Bell"), and his former supervisor, Joseph Arri. Plaintiff initially brought discrimination, retaliation, and hostile work environment claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. This court granted defendants' summary judgment motion on plaintiff's discrimination and retaliation claims. But the hostile work environment claims remain, as defendants did not address them in their first motion for summary judgment. The hostile environment claims are now before the court on defendants' second Motion for Summary Judgment (Doc. 67). For the following reasons, the court grants the motion.

I. **Factual Background**

Plaintiff is an African-American who worked for defendant Southwestern Bell in its Kansas facility. Several of his co-workers made whistling noises throughout the workday. The whistling annoyed and offended plaintiff, who repeatedly complained about it. Defendant Arri took steps to reduce the whistling, including distributing an office memo and asking the whistling employees to whistle less frequently. But defendants did not expressly prohibit whistling in the office.

On September 4, 2008, plaintiff was sent home after complaining of the noise. That day, plaintiff reported four coworkers for racial harassment to the Equal Employment Opportunity hotline.

In addition to the whistling, plaintiff points to one comment as evidence of a hostile work environment: about six years ago, a co-worker said, "This is the dark side in more ways than one," while passing plaintiff's cubicle. (Doc. 71-1 at 3.)

## II.     Summary Judgment Standard

The court grants summary judgment if the record demonstrates that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the burden of showing that there is no genuine issue of material fact. *Fasbinder v. City of Overland Park*, No. 09-2043-JAR, 2010 WL 1930974, at *1 (D. Kan. May 10, 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If the moving party meets this burden, the nonmovant must set forth specific facts from which a rational trier of fact could find for the nonmovant. *Id.* (citing *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003)). Although the court construes pro se filings liberally, pro se plaintiffs still must offer factual support for their claims. *Douglass v. Gen. Motors Corp.*, 368 F. Supp. 2d 1220, 1228 (D. Kan. 2005) (citing *Pueblo Neighborhood Health Ctrs., Inc. v. Losavio*, 847 F.2d 642, 649 (10th Cir. 1988)). The court need not provide additional factual allegations or accept a plaintiff's conclusory allegations. *Nichols v. Schmidling*, 10-2086-JAR, 2011 WL 5837173, at *2 (D. Kan. Nov. 21, 2011) (citations omitted).

## III.    Analysis

### A.     Individual Claim Against Defendant Arri

The court dismisses the Title VII claim against defendant Arri in his individual capacity. Plaintiffs may bring Title VII suits against individuals only in their official capacities, not in their

personal capacities.  *Id.*  The parties agree there is no valid claim against defendant Arri in his individual capacity.  Accordingly, the court dismisses the claim.

### B.     Hostile Work Environment Claim

For a hostile work environment claim to survive summary judgment, the plaintiff must show that "under the totality of the circumstances (1) the harassment was pervasive or severe enough to alter the terms, conditions, or privilege of employment, and (2) the harassment was racial or stemmed from racial animus."  *Bolden v. PRC Inc.*, 43 F.3d 545, 551 (10th Cir. 1994) (citation omitted).  This is true under either Title VII or § 1981.  *Durham v. Xerox Corp.*, 18 F.3d 836, 839 (10th Cir. 1994) (citations omitted) (observing that the burdens are the same under Title VII and § 1981).  And the court evaluates these factors both subjectively and objectively.  *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007) (citation omitted).

####  *1.  The harassment was not sufficiently severe or pervasive to create an abusive environment.*

Plaintiff has not shown harassment that rises to the level necessary to establish a hostile work environment.  The harassment need not be both pervasive and severe; it may be sufficiently pervasive in its scope or sufficiently severe in its intensity.  *Hudson v. AIH Receivable Mgmt. Servs.*, 10-CV-2287-JAR, 2012 WL 5306277, at *3 (D. Kan. Oct. 29, 2012) (citing *Smith v. Nw. Fin. Acceptance, Inc.*, 129 F.3d 1408, 1413 (10th Cir. 1997)).

To determine the level of the harassment, the court looks both to "whether the plaintiff was offended by the work environment and whether a reasonable person would likewise be offended."  *Hernandez v. Valley View Hosp. Ass'n*, 684 F.3d 950, 957 (10th Cir. 2012).  Title VII is not meant to police the workplace for general civility.  *Id.*  The court, therefore, requires more than evidence of "mere snubs, unjust criticisms, and discourteous conduct."  *Hudson*, 2012 WL 5306277, at *2 (quotation marks and citation omitted).  The court considers the totality of the circumstances, including

the frequency of the conduct, its severity, whether it rises to the level of a threat, and whether it unreasonably interferes with the plaintiff's ability to work. *Id.* (citation omitted).

Here, plaintiff was subjectively offended by the work environment. He states that he found the whistling offensive and took it personally. He maintains that the continuous whistling is "impermissible in an indoor office setting particularly when an employee complains of such." (Doc. 71 at 15–17.)

The conduct, however, was not severe or pervasive enough to create an objectively abusive environment. One incident—or even a few isolated incidents—is not enough to meet the burden. Plaintiff must instead show "a steady barrage" of racial acts or comments. *Douglass*, 368 F. Supp. 2d at 1231 (quotation marks and citation omitted). In *Hernandez*, the plaintiff had overheard at least a dozen racially offensive comments and jokes over fourteen months. 684 F.3d at 958. She endured racially offensive comments and jokes about Mexicans, dealt with accusations of her family members being thieves and murderers, and faced suspicion and questioning that her white co-workers did not receive. *Id.* at 954. And she frequently complained to her supervisors about the racial comments. *Id.* at 958. The Tenth Circuit found that a reasonable jury could find that a reasonable person would be offended by the work environment. *Id.*

In *Brown v. Cargill*, on the other hand, the plaintiff alleged that the defendant made only one race-related comment. No. 09-2570-CM, 2010 WL 4440086, at *1 (D. Kan. Nov. 1, 2010). The plaintiff, who was African-American, alleged that the defendant told him that "black people don't work at Cargill," their place of employment. *Id.* The plaintiff offered no evidence that any other abusive or harassing conduct was motivated by race, beyond his own perception that the treatment was racially-motivated. *Id.* at *5. The court found that the facts were facially neutral and that one race-based comment was insufficient to sustain a hostile work environment claim. *Id.*

The conduct here is more similar to *Brown* than to *Hernandez*. Here, there is no evidence that the whistling was discriminatory. Plaintiff argues the whistling was a disruption by non-black fellow employees "clearly directed at and designed to aggravate, obstruct, and undermine" plaintiff. (Doc. 71 at 6–7.) Plaintiff can point to one arguably racial comment—his co-worker's statement that "[t]his is the dark side in more ways than one." (Doc. 71-1 at 3.) But beyond this, plaintiff cannot demonstrate evidence of racial motivation beyond his conclusory claim that he was "subjected to an unrelenting pattern of racial harassment." (*Id.* at 12.)

Even if the whistling was targeted at plaintiff, plaintiff has not met his burden under the totality of the circumstances analysis. There were no physical threats; rather, there was one offensive utterance. The impact of the whistling was not severe enough to be objectively abusive. Although plaintiff argues that the whistling "substantially obstructed him in the performance of his duties" (*id.* at 26), the uncontroverted evidence shows that plaintiff was the only person in the office who was offended by the whistling. The other employees, including the non-white ones, did not complain about the whistling. In an office environment, noise is common; such whistling can reasonably be characterized—at worst—as the "'run-of-the-mill boorish, juvenile, or annoying behavior'" that Title VII is not designed to police. *Hernandez*, 684 F.3d at 957 (quoting *Morris v. City of Colo. Springs*, 666 F.3d 654, 663–64 (10th Cir. 2012)). No rational trier of fact could find that the conduct was sufficiently severe or abusive to establish a hostile work environment.

### 2. *The conduct was not based on race.*

Plaintiff also fails to show that the whistling was racially-motivated. Plaintiff has the burden to show that any harassment he endured was because of his race. *Herrera*, 474 F.3d at 680. Like the plaintiff in *Brown* who "apparently perceive[d] every negative action as racially motivated," plaintiff

here alleges continuous racial harassment without showing evidence to support that perception.  *See Brown*, 2010 WL 4440086, at *5.

Plaintiff points to one race-based incident, but one incident is insufficient to meet the burden.  In *Carter v. Meridian Auto Systems*, the plaintiff presented evidence of two anonymous notes he received: one read "You Are On Your Way Out Colored Boy" and the other read "Lazy black ass nigga."  368 F. Supp. 2d 1130, 1140 (D. Kan. 2004).  The court acknowledged these notes as racially-based conduct but still found that these two incidents were not enough to demonstrate a hostile work environment.  *Id.*  The racial conduct in *Carter* is more severe, more frequent, and more explicitly racist than the conduct here.  Further, the race-based comment here was made nearly six years ago, with no evidence of additional race-based comments.

Plaintiff's main grievance is based on whistling.  There is nothing in the record to suggest that the whistling was race-based.  In fact, the record demonstrates that the whistling occurred regardless of whether plaintiff was present.  In addition, other black employees did not find the whistling race-motivated.  The single, isolated comment does not convert neutral whistling into race-based harassment.

### III.     Conclusion

Plaintiff fails to establish a hostile work environment.  Although he subjectively perceived the conduct in the work environment as severe and pervasive harassment, the conduct does not objectively rise to the level required to prove a hostile work environment.  Further, plaintiff fails to show that his co-workers' conduct, beyond one comment, was racially-motivated.  Summary judgment is warranted on plaintiff's hostile environment claim—the last remaining claim in the case.

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment (Doc. 67) is granted.

The case is closed.

Dated this 12th day of June, 2014, at Kansas City, Kansas.

                                          s/ Carlos Murguia
                                          **CARLOS MURGUIA**
                                          **United States District Judge**